UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ L. CANALES CANCEL,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　*Defendant*. | Civil Action No. 25 - 3992 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff José L. Canales Cancel's motion to proceed *in forma pauperis*, ECF No. 2, pro se complaint, ECF No. 1, and motion for appointment of counsel, ECF No. 3. For the reasons explained below, the court will grant the motion to proceed *in forma pauperis*, dismiss the complaint without prejudice, and deny the motion for appointment of counsel as moot.

While Mr. Canales Cancel's complaint is not a model of clarity, he appears to allege that the U.S. Department of Health and Human Services ("HHS") intentionally misrepresented itself, discriminated against him, abused its power, and "gaslighted" him in connection with a discrimination complaint he filed with HHS's Office of Civil Rights.[1] *See* ECF No. 1, at 4-10. Specifically, he explains that he filed an HHS complaint alleging that a medical group and its

---

[1] While Mr. Canales Cancel named the "Department of Health and Human Resources" as Defendant, no such agency exists, and he appears to raise claims against the U.S. Department of Health and Human Services ("HHS"). *See* ECF No. 1, at 5-10. Mr. Canales Cancel has also previously filed suit against HHS in this court, raising largely identical allegations. *See* Amended Complaint, *Cancel v. U.S. Dep't of Health & Hum. Servs.*, No. 24-CV-2695 (D.D.C. Nov. 18, 2024), ECF No. 6. The court will thus refer to Defendant as HHS.

providers had denied him services in violation of his civil rights and ultimately caused him to lose his disability benefits. *See id.* at 4-6. HHS then closed his case without an investigation, which Mr. Canales Cancel alleges caused him emotional distress tantamount to torture and entitles him to $250,000 in damages. *See id.* at 1-10.

This complaint is largely identical to another suit Mr. Canales Cancel filed in this court in 2024, *see* Amended Complaint, *Cancel v. U.S. Dep't of Health & Hum. Servs.*, No. 24-CV-2695 (D.D.C. Nov. 18, 2024), ECF No. 6, which this court dismissed sua sponte for lack of subject-matter jurisdiction, *see id.* ECF Nos. 7, 8. Here, Mr. Canales Cancel adds allegations about the dismissal of his case, his subsequent appeal to the D.C. Circuit, and a complaint he sent to the White House, *see id.* at 10, but these changes do not cure the jurisdictional issues identified in his previous suit. Accordingly, the court will again dismiss this matter without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

As the court previously explained, sovereign immunity bars suits against the United States, its agencies, and its officials, except upon consent. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, Mr. Canales Cancel has neither pleaded nor established that HHS has expressly consented to be sued for damages. Additionally, as relevant here, there is no waiver of sovereign immunity for constitutional claims, *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477-78 (1994), for any alleged "act or omission" of a federal employee "based upon the . . . performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused," 28 U.S.C. § 2680(a); *see Auleta*

*v. United States*, 80 F. Supp. 3d 198, 203 (D.D.C. 2015), or for alleged intentional torts, 28 U.S.C. § 2680(h); *see Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018).

Moreover, Mr. Canales Cancel is challenging an agency decision, which is more properly understood as a challenge brought under the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 702 (providing APA review to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute"). But the APA waives sovereign immunity only for claims "where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). An agency's decision to close a complaint, as alleged here, is an "'agency action [that] is committed to agency discretion by law,'" and is thus "explicitly excepted from APA review." *Payne v. Becerra*, No. 22-CV-869, 2023 WL 3376630, at *5 (D.D.C. May 11, 2023), *aff'd*, No. 23-5131, 2024 WL 409404 (D.C. Cir. Feb. 1, 2024)) (per curiam) (alterations in original) (quoting 5 U.S.C. § 701(a)(2)); *see Heckler v. Chaney*, 470 U.S. 821, 832 (1985) (explaining that "an agency's decision not to take enforcement action [is] presumed immune from judicial review"). In any event, monetary relief is not available under the APA. *See* 5 U.S.C. § 702; *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (noting that the APA "waives the Government's immunity from actions seeking relief" but only for actions "other than [for] money damages").

The court will therefore grant Mr. Canales Cancel's motion for leave to proceed *in forma pauperis*, ECF No. 2; dismiss the complaint, ECF No. 1, and this civil action without prejudice;

and deny the motion for appointment of counsel, ECF No. 3; as moot. A contemporaneous order will issue.

/s/ L. Ali
_____
LOREN L. ALIKHAN
United States District Judge

Date: January 21, 2026